O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH NESBITT, | Case No. CV 10-9434-CJC (DTB) |
| Petitioner, | |
| vs. | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION |
| J. TIM OCHOA, Warden, | |
| Respondent. | |

On February 9, 2011, the Court received - but did not file - petitioner's "Request for Review" ("Motion"). The Motion was subsequently ordered filed by the Magistrate Judge on February 9, 2011. However, due to an error in the Clerk's office, the Motion was not subsequently forwarded to the Court for review. The Court has now reviewed and considered the Motion.

**PROCEDURAL HISTORY**

On December 8, 2010, petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody herein. It appeared from the face of the Petition that it was directed to the same 2000 Los Angeles Superior Court conviction as the prior habeas petition filed by petitioner in this Court on March 6, 2003, in SACV 03-778-CJC (Mc). On August 3, 2004, Judgment was entered in

1

SACV 03-778-CJC (Mc) denying the petition on the merits and dismissing the action with prejudice. Petitioner filed a notice of appeal from that Judgment on August 10, 2004.

The Petition was governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act") which became effective April 24, 1996.

Thus, it appeared to the Court that the Petition constituted a second and/or successive petition challenging the same conviction as petitioner's prior habeas petition in Case No. SACV 03-778-CJC (Mc), within the meaning of 28 U.S.C. § 2244(b). As such, it was incumbent on petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court. Petitioner's failure to do so deprived the Court of subject matter jurisdiction. See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001). Therefore, on December 29, 2010, the Court issued an Order Summarily Dismissing Petition for Writ of Habeas Corpus for Lack of Subject Matter Jurisdiction ("Order") dismissing this action.

Petitioner now has filed the instant Motion, which the Court construes as a Motion for Relief From Order Pursuant to Fed.R.Civ.P. 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) [M]istake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason justifying relief from the operation of the judgment.

Rule 60(b)(6) is a "catch-all provision" that allows a court to vacate a judgment "for any other reason justifying relief." Lehman v. U.S., 154 F.3d 1010, 1017 (9th Circuit 1998). The Ninth Circuit has cautioned that Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quoting Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1103 (9th Cir. 2006)). In this regard, "a party seeking to reopen a case under Rule 60(b)(6) must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." Id. (internal quotations omitted.) While Rule 60(b)(6) does not particularize any factors that must be met before relief is proper, the Supreme Court has also cautioned that Rule 60(b)(6) should be used sparingly and only under "extraordinary circumstances." Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 864, 108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988).

Here, petitioner has not asserted, and has otherwise failed to identify, any basis or ground for any other basis for Rule 60(b) relief, such as any excusable neglect, newly discovered evidence, or misconduct by the prosecution. Fed.R.Civ.P. 60(b)(1)-(3). Nor has petitioner identified any reason to declare the judgment void or any intervening circumstances that render the judgment no longer equitable. Fed.R.Civ.P. 60(b)(4),(5). Finally, petitioner has failed to identify any circumstances beyond his control, or any other extraordinary circumstances which would have prevented him from prosecuting the habeas petition in proper fashion. Fed.R.Civ.P. 60(b)(6). Thus, petitioner has failed to identify any cognizable basis for relief under Rule 60(b).

In his Motion, petitioner's sole argument is that the claims raised in the Petition were different than those raised in petitioner's prior habeas petition, and, therefore, properly brought. (Motion at 1.) However, a petition will generally be deemed

second or successive if it contains claims which could have been adjudicated in a prior petition. <u>Woods v. Carey</u>, 525 F.3d 886 (9th Cir. 2008) (citations omitted). While petitioner alleges that the claim in the Petition is based on "newly discovered evidence" (<u>Id.</u>), the claim in the Petition asserts that the trial court improperly allowed expert witness testimony. (Petition at 5.) Petitioner has adduced no new facts or otherwise alleged a basis under Rule 60(b) which would provide a basis for the Court to alter its conclusion.

For the foregoing reasons, petitioner's Motion is denied.

DATED: June 30, 2011

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Presented by:

_____
David T. Bristow
United States Magistrate Judge